IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ZIA LAND AND WATER
CONSERVATION, LLC,**

    **Plaintiff,**

v.                                                                                                         No. 22-cv-0244 SMV/KK

**FORTY ACRES ENERGY, LLC; HL PUMPING;
and TWIN PEAKS SERVICES, LLC;**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING LEAVE TO AMEND NOTICE OF REMOVAL

THIS MATTER is before the Court on the Notice of Removal [Doc. 1], filed by Defendant Forty Acres, LLC, on March 31, 2022. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the underlying pleadings,[1] the applicable law, and being otherwise fully advised in the premises, concludes that no basis for subject-matter jurisdiction is asserted or evident.

On the one hand, the Civil Cover Sheet indicates that the removing Defendant, Forty Acres, intends to invoke diversity jurisdiction. [Doc. 1] at 19. On the other hand, however, the Notice of Removal neither invokes diversity jurisdiction explicitly nor alleges facts to support it. *Id.* at 1–2. Defendant Forty Acres alleges that it not a citizen of New Mexico itself but that Plaintiff is. *Id.*

---

[1] Specifically, the Court reviewed the Complaint, [Doc. 3] at 3–9, and Amended Complaint, [Doc. 1] at 12–18, filed in state court on February 21, 2022, and March 25, 2022, respectively.

However, Defendant Forty Acres does not address the citizenship of the other Defendants.[2]  *Id.* The other Defendants appear to be New Mexican, [Doc. 3] at 3–4, like Plaintiff, thereby precluding diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Forty Acres amend the Notice of Removal to allege a basis for subject-matter jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **April 25, 2022**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **April 25, 2022**, this action may be remanded to state court.

**IT IS SO ORDERED.**

*[signature]*

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] To the extent that Defendant Forty Acres may under the impression that complete diversity of citizenship is not required because the other Defendants have not yet been served, *see* [Doc. 1] at 1, it is incorrect.  *See Woods v. Ross Dress for Less*, 833 F. App'x 754, 757–58 (10th Cir. 2021). "A defendant's citizenship is part of the diversity analysis regardless of whether the defendant has been served." *Id.* at 757.